IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kristy M. Wolff, FNP-C, MSN, <br><br> Plaintiff, <br><br> vs. <br><br> Capeside Psychiatry and Addiction Care, LLC, <br><br> Defendant. | Civil Action No. 3:19-cv-1830-CMC-SVH <br><br> **ORDER** |

This matter is before the court on Plaintiff's *pro se* complaint alleging breach of contract by her former employer. ECF No. 1. Plaintiff has filed motions for leave to proceed *in forma pauperis*. ECF No. 2.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation. On June 28, 2019, the Magistrate Judge issued a Report recommending Plaintiff's motion to proceed *in forma pauperis* be denied, and Plaintiff be given fourteen (14) days to pay the full filing fee. ECF No. 6. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if she failed to do so. Plaintiff has not filed objections, and the time to do so has expired.[1]

---

[1] Plaintiff did file her Local Rule 26.01 Answers to Interrogatories as directed by the Magistrate Judge. ECF No. 9. As the Proper Form Order directing Plaintiff to answer these interrogatories was sent to Plaintiff with the Report regarding her motion to proceed *in forma pauperis*, it is assumed Plaintiff received the Report as well. *See* ECF No. 7.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report and therefore adopts and incorporates it as part of this order. Plaintiff does not appear to be currently indigent and has ample assets to allow immediate access to the courts if the filing fee is required. While a litigant does not have to be "absolutely destitute to enjoy the benefits" of *in forma pauperis* status, it does not appear Plaintiff will have to "choose between abandoning a potentially meritorious claim or foregoing the necessities of life." *Adkins v. E.I. DuPont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff's motion to proceed *in forma pauperis* is denied. Plaintiff shall have fourteen days from the entry of this Order to pay the full filing fee for this matter. If Plaintiff does not pay

the full filing fee within the time allowed, or seek an extension of time in which to do so, this case shall, by additional order of this court, be dismissed without prejudice and without service of process.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 22, 2019