|                                          |                                          |
|------------------------------------------|------------------------------------------|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF SOUTH CAROLINA<br>COLUMBIA DIVISION | |
| Kristy M. Wolff,<br>FNP-C, MSN,<br><br>                Plaintiff,<br>   vs.<br><br>Capeside Psychiatry and Addiction Care, LLC,<br><br>                Defendant. | Civil Action No. 3:19-cv-1830-CMC-SVH<br><br>**ORDER** |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Kristy M. Wolff, FNP-C, MSN,

    Plaintiff,

vs.

Capeside Psychiatry and Addiction Care, LLC,

    Defendant.

Civil Action No. 3:19-cv-1830-CMC-SVH

**ORDER**

This matter is before the court on Plaintiff's *pro se* Complaint alleging breach of contract by her former employer. ECF No. 1. Plaintiff has filed a motion for summary judgment based on Defendant's failure to answer or otherwise plead. ECF No. 18.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On October 28, 2019, the Magistrate Judge issued a rule to show cause why Plaintiff's Complaint should not be dismissed for failure to effect proper service of process, as she served Defendant by certified mail but did not restrict delivery to the addressee. ECF No. 19. The Magistrate Judge also noted Plaintiff served Dr. Barry Alan Moore as the registered agent for "Capeside Psychiatry and Capeside Addiction Care, PLLC," yet these are two separate entities on the North Carolina Secretary of State website: CapeSide Addiction Care, PLLC, and CapeSide Psychiatry, PLLC[1]. *Id.* at 2. The Magistrate Judge explained Plaintiff

---

[1] Plaintiff's Complaint lists "Capeside Psychiatry and Addiction Care, LLC" as the Defendant. ECF No. 1. However, the North Carolina Secretary of State website lists "CapeSide Addiction Care, PLLC," and "CapeSide Psychiatry, PLLC" as entities with Barry A. Moore as the registered agent. ECF No. 23 at 3.

may not have named a proper defendant. *Id.* Plaintiff responded, arguing she attempted to indicate the two different parties by putting "and" between them, and did not know she needed to restrict delivery to the registered agent only. ECF No. 21, 22. She requested an extension to properly effect service and properly name the defendant(s). ECF No. 21.

On January 9, 2020, the Magistrate Judge issued a Report recommending Plaintiff's motion for summary judgment be denied, and Plaintiff be given fourteen (14) days to file an Amended Complaint and summonses against the two Defendants. ECF No. 6. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if she failed to do so. Plaintiff filed objections on January 20, 2020. ECF No. 25

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

Plaintiff's objections explain how she attempted service and requests the court "review this document again or consider this as proof enough to serve." ECF No. 25 at 2. She explains she cannot visit the Post Office during the day to attempt another delivery restricted to the registered agent. *Id.* She notes the signature on the certified mail was illegible, but this does not mean it was not delivered to the registered agent, and this is "not her fault." *Id.* She requests an extension of 14 days to properly effect service.

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report and therefore adopts and incorporates it as part of this Order. Plaintiff is granted an extension of 21 days from the filing date of this Order to file an Amended Complaint with the proper Defendants named.[2] Plaintiff's motion for summary judgment is denied. Plaintiff shall have thirty days from the filing of the Amended Complaint to properly serve the appropriate Defendants in accordance with Federal Rules as discussed by the Magistrate Judge.[3]

---

[2] Although Plaintiff notes she attempted to indicate the two different defendants by inserting "and" between them, she only included "LLC" after the entire phrase "Capeside Psychiatry and Addiction Care, LLC." See ECF No. 1. If Plaintiff intends to sue both Capeside Psychiatry, PLLC, and Capeside Addiction Care, PLLC, as listed on the North Carolina Secretary of State's website, she must file an Amended Complaint.

[3] Plaintiff argues visiting the Post Office to restrict delivery to the registered agent would be a hardship and asks the court to determine her method of service sufficient. However, the court is unable to do so. It is Plaintiff's burden to properly serve the Defendants, and her previous service was deficient. Adding the name of the Registered Agent to the address handwritten on the envelope did not restrict delivery to that person. In addition, the name of the Defendants was incorrect.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 19, 2020