IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kristy Michelle Wolff, ) | C/A No.: 3:19-1830-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| CapeSide Psychiatry PLLC and ) | |
| CapeSide Addiction Care, PLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the court on the letter purportedly filed on behalf of Defendants by Cheryl A. Macias, Defendants' Director of Compliance. [ECF No. 42]. The letter denies Plaintiff was an employee of Defendants or that any contract was executed. However, there is no indication Ms. Macias is an attorney licensed to practice law in this court. It is well-established that a corporate entity cannot appear pro se and must be represented by counsel in court. The United States Supreme Court recognized that:

> [i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.

*Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (internal citations and footnote omitted); *see also Honour Technical Group, Inc. v. United States*, 326 F. App'x 141, 142 (4th Cir. 2009) (this rule also applies to limited liability corporations); *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n.3 (4th Cir. 2007). While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend that right to represent other parties. **Accordingly, Defendants are directed to retain counsel and to file an answer or other responsive pleading to the complaint by July 10, 2020.** If Defendants fail to retain licensed counsel to file an entry of appearance and submit a responsive pleading by July 10, 2020, default judgment **may** be entered against them.

The court notes that when a defendant has defaulted, the well-pleaded allegations of facts set forth in the plaintiff's complaint are deemed admitted. *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). Although a defaulting party "'admits the plaintiff's well-pleaded allegations of fact' as to liability, the party in default is 'not held . . . to admit conclusions of law' or allegations regarding liability that are not 'well-pleaded.'" *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. 2011) (quoting *Ryan*, 253 F.3d at 780)). Consequently, before entering default judgment the

Court must evaluate the plaintiff's complaint against the standards of Fed. R. Civ. P. 12(b)(6) to ensure that the complaint properly states a claim. *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). Further, entry of default judgment is disfavored. *See Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."

The court notes Plaintiff has asserted a cause of action for breach of contract, but has not submitted a contract signed by both parties. The court has the power to conduct a hearing to establish the truth of any allegation by evidence before entering a default judgment. *See* Fed. R. Civ. P. 55(b)(2)(C).

IT IS SO ORDERED.

June 19, 2020                                  Shiva V. Hodges
Columbia, South Carolina          United States Magistrate Judge