IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kristy M. Wolff, FNP-C, MSN, | Civil Action No. 3:19-cv-1830-CMC-SVH |
| Plaintiff, | **ORDER** |
| vs. | |
| Capeside Psychiatry and Addiction Care, LLC, | |
| Defendant. | |

This matter is before the court on Plaintiff's *pro se* Complaint alleging breach of contract by her former employer. ECF No. 1. Plaintiff has filed a motion for entry of default (ECF No. 40, entitled "Motion for Summary Judgment and Default Entry Judgment") and Defendants have filed a cross motion to set aside default (ECF No. 58).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On September 17, 2020, the Magistrate Judge issued a Report recommending Plaintiff's motion for entry of default be denied and Defendants' motion to set aside entry of default be denied as moot. ECF No. 62. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Plaintiff filed objections and a supplement to her objections (ECF Nos. 66, 67), Defendants filed a Reply (ECF No. 68), and Plaintiff filed a Sur-Reply (ECF No. 70).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Magistrate Judge analyzed Plaintiff's motion for entry of default under the six factors in *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). ECF No. 62. She found four of the six favor Defendants: they appear to have a meritorious defense, Plaintiff would suffer no prejudice, there is not a history of dilatory action, and other sanctions are available. Though the other two factors favor Plaintiff – acting with reasonable promptness and personal responsibility of the defaulting party – as the balance favors Defendants, the Report recommends denial of the motion for entry of default.

Plaintiff's objections explain how and when she effected service on Defendants, and the timing of the COVID-19 state of emergency declaration and extension. ECF No. 66. She then appears to argue the substance of her claims and her "contract" for employment with Defendants. *Id.* at 3-8. She asserts this court has diversity jurisdiction because her damages are over $75,000. *Id.* at 8-9. Finally, she "understands the moot point on the motion to set aside entry of default, but

2

wants to submit the additional exhibits 'A' and 'B' to support again a question of law remains about did the defendant know about the ongoing legal proceedings or was there an inadvertent and unintentional non notice to the defendant even though his agent signed for the documents prior to the executive order placed by Honorable Chief Judge Harwell." *Id.* at 9-10.  Plaintiff also filed a supplement, very similar to her main objections, reiterating her points about timing of service and the pandemic.  ECF No. 67.  She "asks the courts to consider that the merits of the defendants claims may not be meritous [*sic*] . . . even though the defendant claims they were unaware of the ongoing litigation despite the COVID-19 pandemic when it had not been enacted yet." *Id.* at 2. She then argues a contract existed between the parties and it has value over $75,000. *Id.* at 3-9.

Defendant then filed a Reply to Plaintiff's objections, arguing Plaintiff "did not properly and specifically object" to the Report, but "merely rehashed the same arguments and opinions that she originally submitted." ECF No. 68 at 4.  Further, they argue even if Plaintiff's objections were proper, she did not address the factors in the six-part test, other than the first. *Id.* at 5.  Defendants contend they have a meritorious defense in that there was never an employment contract formed between the parties. *Id.*

Plaintiff filed a sur-reply.  ECF No. 70.  She argues she never received notice of additional counsel Ashley McKinney, that she is a pro se litigant who should be given leniency with the form and wording of her filings, and that she sent two filings and believes the "updated and amended

3

document was not placed on the docket." *Id.* at 2-3.[1] She contends the goal of her filings was to establish evidence showing Defendants were aware of the civil action prior to the onset of COVID-19, to show the factors should be re-weighed with this information and should be "less favorable in the eyes of the court towards the defendant." *Id.* at 3. Further, she asserts this "new evidence and new information" contradicts the statements of Defendants and should be reviewed de novo.[2] *Id.* at 4. She then argues the existence of the contract, to "support the new evidence that is being submitted to invalidate the response of the defendant." *Id.* at 6. Finally, she "is in agreement with the advancement to pre-trial proceedings if the Honorable Judge Shiva Hodges does not see the establishment of a prima facie case on de novo review." *Id.* at 7.

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, Plaintiff's objections, Defendants' reply, and Plaintiff's sur-reply, the court agrees with the Report and therefore adopts and incorporates it as part of this Order. Although Plaintiff has shown the timing of service and the COVID-19 extension may be somewhat fluid, and attempted to show Defendants do not have a meritorious case, the court agrees with the Report regarding the application of the six factors for entry of default. Defendants need not prove their case is meritorious at this point, but merely show it could be. Further, the exact

---

[1] The court notes both Plaintiff's filings received October 1, 2020 were placed on the docket and considered as objections to the Report. ECF Nos. 66, 67.

[2] Although Plaintiff asserts this evidence should be reviewed de novo by Magistrate Judge Hodges, such review is by the undersigned at this point in the process.

4

timing of service appears to show that while Defendants may have been aware of the lawsuit in early March, they were not served until March 18, the day before the COVID-19 order was entered by this court. The extension contemplated in that order applied no matter when Defendants were served, because the matter was pending when the order was entered. The court agrees Defendants did not act with reasonable promptness and bear responsibility for their own inaction. However, the court also agrees Plaintiff will not be prejudiced, there has been no other dilatory conduct, and less drastic sanctions are available. As the majority of the factors favor Defendants, and no factors weigh heavily enough to disturb this balance, the court denies Plaintiff's motion for entry of default (ECF No. 40). Defendants' motion to set aside default (ECF No. 58) is moot.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 28, 2020